IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROGER LEWIS COULTER                                                    PETITIONER

V.                                        CIVIL NO. 1:01-cv-01125

WENDY KELLEY, Director
Arkansas Department of Corrections                                     RESPONDENT

**ORDER**

Currently before the Court is Petitioner's Motion to Vacate Judgment.  (ECF No. 174).

Respondent filed a Response.  (ECF No. 175).  After thorough consideration, the Court issues this

Order.

**BACKGROUND**

In 1989, Petitioner was convicted, in the Circuit Court of Ashley County, Arkansas, of the

rape and capital murder of five-year-old Natasha Phelps and was sentenced to death by lethal

injection.  In 1991, the Arkansas Supreme Court ("ARSC") affirmed Petitioner's conviction, and

the United States Supreme Court denied certiorari later that same year.  *Coulter v. State,* 304 Ark.

527, 804 S.W.2d 348 (Ark. 1991), *cert. denied sub nom Coulter v. Arkansas*, 502 U.S. 829 (1991).

Petitioner then sought post-conviction relief in the Circuit Court of Ashley County.  In October of

1999, the Circuit Court denied all relief, and in November of 2000, the ARSC affirmed.  *Coulter*

*v. State,* 343 Ark. at 35.  On October 1, 2001, Petitioner filed his original Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court.  (Pet'r's Pet. for Writ of Habeas

Corpus, October 1, 2001, ECF No. 3).  On September 16, 2003, Petitioner filed a First Amended

Petition.  (Pet'r's Am. Pet. for Writ of Habeas Corpus, September 16, 2003, ECF No. 25).  In this

First Amended Petition, Petitioner asserted multiple claims including a claim that he is mentally

retarded pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002) ("*Atkins* Claim").  By Order dated May 24, 2004, the Court dismissed Petitioner's *Atkins* Claim, in order for Petitioner to return to state court and exhaust that claim.  This Order also stayed Petitioner's remaining claims pending his return from state court.[1]  (Order, May 24, 2004, ECF No. 27).

On January 3, 2007, Petitioner filed a Motion to Lift Stay and Second Amended Petition (Pet'r's Am. Pet. for Writ of Habeas Corpus by a Person in State Custody, January 3, 2007, ECF No. 44). In his Second Amended Petition, Petitioner made thirteen claims for relief.  (Am. Pet., ECF No. 44).  Respondent initially filed a Response to the Second Amended Petition on May 1, 2007.  (Resp. to Second Am. Pet. for Writ of Habeas Corpus, May 1, 2007, ECF No. 50).  The parties then proceeded to litigate the issues raised in the Second Amended Petition and original Response over the course of the next two years.[2]

On September 11, 2009, the Court issued an Order establishing a briefing schedule for the

---

[1] The May 24, 2004 Order was issued prior to the United States Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005) in which the Supreme Court addressed the issue of a district court holding habeas claims in abeyances while the petitioner returned to state court to exhaust claims.

[2] The parties filed numerous responses, replies, and traverses arguing the procedural defenses and statute of limitations issues initially raised by Respondent: (1) on August 3, 2007, Petitioner filed a Traverse to Respondent's Answer to Petitioner's Second Amended Petition (Reply to Resp. to Pet'r's Second Am. Pet. for Writ of Habeas Corpus, August 3, 2007, ECF No. 56); (2) on August 14, 2007, Respondent filed a Reply to Petitioner's Traverse to Respondent's Answer to Petitioner's Second Amended Petition (Reply to Traverse to Resp. to Second Amended Habeas Corpus Pet., August 14, 2007, ECF No. 57); (3) on December 3, 2008, Petitioner filed an Amended Reply to Response to Petitioner's Second Amended Petition (Am. Reply to Resp. to Pet'r's Second Am. Pet. for Writ of Habeas Corpus, December 3, 2008, ECF No. 74); (4) on December 15, 2008, Respondent filed a Motion to Strike Petitioner's Amended Reply (Mot. to Strike Pet'r's Am. Reply to Resp. to Pet'r's Second Am. Pet. for Writ of Habeas Corpus, December 15, 2008, ECF No. 78); and finally, (5) on December 26, 2008 Petitioner responded to Respondent's Motion to Strike (Resp. in Opposition to Resp't's Mot. to Strike, December 26, 2008, ECF No. 79).

parties to specifically address all statute-of-limitations arguments and procedural defenses in this matter ("Briefing Order").  (Order, September 11, 2009, ECF No. 94).  On October 26, 2009, in Response to the Briefing Order, Respondent submitted a document titled "First Amended Response to Petitioner's Second Amended Petition for Writ of Habeas Corpus" ("Amended Response"). (ECF No. 98).   In the Amended Response, Respondent not only clarified the procedural defenses and statute of limitations assertions made in the original Response, but also included additional arguments, including an assertion that Petitioner's original habeas Petition was untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Amended Response, ECF No. 98).  On January 25, 2010, in response to the Amended Response, Petitioner filed  a document titled "Reply to Respondent's Briefing Regarding the Statute of Limitations and Procedural Default." ("Petitioner's Reply").  (ECF No. 105).

The Court then held a two-day evidentiary hearing in April 2013.  At this hearing, the Court heard testimony and received documentary evidence regarding Respondent's procedural defenses and statute of limitations arguments.  After the hearing, the Court allowed the parties to submit yet another round of briefing on procedural defenses and statute of limitation arguments.  (ECF Nos. 166, 171).

On  March 31, 2015, the Court entered its Opinion and Judgment in this matter dismissing Petitioner's Second Amended Petition.  (ECF Nos. 172, 173).  Specifically, the Court found Petitioner's original and all subsequent Petitions time barred by the AEDPA one-year statute of limitations.  Further, the Court held Petitioner was not entitled to equitable tolling.

Petitioner now argues in his Motion to Vacate that the Court's Opinion contains manifest errors of law and mistakes of fact, and pursuant to Federal Rule of Civil Procedure 59, the Court

should reconsider its Opinion and vacate the Judgment.  Specifically, Petitioner argues the Court erred by: (1) allowing Respondent to assert its statute of limitations argument after eight years of unexcused and prejudicial delay; (2) failing to deploy a sufficiently equitable approach in determining whether equitable tolling is warranted; (3) failing to limit its inquiry into Petitioner's diligence to the period for which he was seeking equitable tolling; and (4) failing to grant equitable tolling based on Petitioner's state-appointed counsel lulling him into inaction and performing ineffectively.

Respondent objected to Petitioner's Motion to Vacate arguing: (1) Petitioner did not meet his burden of showing the Court's Opinion and Judgment contained any manifest errors of law or fact; and (2) Petitioner is not entitled to relitigate matters already determined by the Court through a Motion to Vacate.

## DISCUSSION

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006).  These motions may not be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*  Nor, will a Rule 59(e) motion be successful when it is used as a tool to reassert arguments already made and lost.  *See Schoffstall v. Henderson,* 223 F.3d 818, 827 (8th Cir. 2000).  It is within the Court's discretion to grant or deny a Rule 59 motion.  *Id.*  Further, the Eighth Circuit Court of Appeals has explained that a Rule 59(e) motion is not an avenue to raise new arguments that should have been made before the district court entered final judgment.  *See, e.g., Bannister v. Armontrout,* 4 F.3d 1434, 1440 (8th

Cir. 1993). Rule 59(e) is not intended to give Petitioner a second bite at the apple, but instead to afford him an opportunity for relief only in extraordinary circumstances. *See Dale & Selby Superette & Deli v. United States Dep't of Agric.,* 838 F.Supp. 1346, 1348 (D.Minn. Dec. 14, 1993).

1. <u>Respondent's Motion to Amend</u>

Petitioner first argues the Court erred in allowing the Respondent to assert its statute of limitations argument through an Amended Response. Petitioner argues in his Motion that (1) the Court should have found that Respondent waived and forfeited her statute of limitations argument; (2) the Court abused its discretion by determining that the interests of justice favored allowing Respondent to amend its Response to Plaintiff's Second Amended Petition; (3) the Court erred in holding that delay alone is insufficient for denial of a motion to amend; (4) the Court erred in characterizing Respondent's delay as one of two years; and (5) the Court erred in downplaying the prejudice the delay caused Petitioner.

Petitioner previously argued against granting Respondent's Motion to Amend and allowing Respondent to assert the statute of limitation argument.[3] The Court addressed Petitioner's arguments against granting Respondent's amendment in its Memorandum Opinion.[4] Petitioner may

---

[3] Petitioner first argued against allowing Respondent to assert the time bar in Petitioner's Reply to Respondent's Briefing Regarding the Statute of Limitations and Procedural Default. Petitioner argued that Respondent had forfeited his statute of limitation assertion, Petitioner's original Petition was timely filed, and even if it was not timely filed Petitioner was entitled to equitable tolling. (ECF No. 105, January 25, 2010). Petitioner also argued against the time bar assertion at the evidentiary hearing held on April 17-18, 2013. (ECF No. 161). Finally, Petitioner argued Respondent waived or forfeited any statute of limitations arguments in his post-hearing briefing. (ECF No. 166, p. 1, February 26, 2014).

[4] The Court addressed Petitioner's previous arguments of waiver and also addressed the issues of delay and prejudice in its Opinion. (ECF No. 172, pp. 6-11).

not now attempt to bolster his arguments and have the Court reconsider its decision when he has not presented any newly discovered evidence or newly developed law.  Petitioner had two separate rounds of briefing as well as an evidentiary hearing to argue against granting Respondent's amendment.  Petitioner may not now use a Rule 59(e) Motion to raise arguments he should have raised prior to the entry of judgment or to rehash arguments previously asserted but lost.  *See Bannister,* 4 F.3d at 1440; s*ee also Schoffstall,* 223 F.3d at 827.

Furthermore, whether to allow or deny leave to amend "lies within the sound discretion of the trial court."  *Beeck v. Aquaslide "N" Dive Corp.,* 562 F.2d 537, 540 (8th Cir. 1977).  The Court exercised that discretion in ruling on Respondent's Motion to Amend by searching the record for evidence of bad faith, prejudice, and undue delay. The Court found nothing that would outweigh the mandate of Federal Rule of Civil Procedure 15(a) that leave to amend should be freely granted.  *Id.*

Accordingly, Petitioner has failed to show the Court made any manifest errors of law or fact in granting Respondent's Motion to Amend.

2. <u>Equitable Approach</u>

Petitioner argues the Court erred in failing to deploy a sufficiently equitable approach in determining whether equitable tolling was warranted in this case.  Specifically, Petitioner argues the Court considered the factors that justified equitable tolling in *Holland v. Florida,* 560 U.S. 631 (2010),  as a dispositive legal test with elements that invariably have to be satisfied.

In its Opinion, the Court specifically noted the Supreme Court's caution in *Holland* against a "hard and fast adherence" to absolute legal rules in cases where such application may result in unnecessary rigidity.  (Opinion, March 31, 2015, ECF No. 172, pp. 28-9).  Further, the Court relied

on the instruction in *Holland* to "draw upon decisions made in other similar cases for guidance" and to exercise judgment "in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." (Opinion, March 31, 2015, ECF No. 172, pp. 28-9) (citing *Holland*, 560 U.S. at 653). Following this instruction, the Court relied upon analogous Eighth Circuit Court of Appeals precedent in making its equitable tolling determination. *See Earl v. Fabian,* 556 F.3d 717 (8th Cir. 2009); *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010). Petitioner has not presented anything to show this reliance was a manifest error of law.

Next, Petitioner argues the Court should have taken a more flexible and lenient approach in determining whether Petitioner was due equitable tolling and should have considered that: (1) the Respondent's conduct in asserting his statute of limitations argument eight years late[5] was much more egregious than Petitioner missing his filing deadline by twenty-seven (27) days; (2) Petitioner's delay is mitigated by the fact that it was the result of a state-created delay beyond his control, while Respondent has no comparable excuse; (3) Petitioner's delay is further mitigated by the fact that the law of statutory tolling was unsettled in 2001, thus, Petitioner lacked clear notice that his filing would be untimely; (4) Petitioner's delay is further mitigated by the fact that he was reliant on appointed counsel in 2000 and 2001 to provide him with effective assistance; (5) Respondent should have asserted his statute of limitations argument earlier and saved all parties

---

[5] Petitioner continues to assert, as he did prior to judgment, that Respondent's delay in asserting his statute of limitation argument was one of eight years (calculating the delay from the time Petitioner filed his original Petition). However, as the Court noted in its Opinion, the Court considers Respondent's delay to be one of two years. This is based on the fact that Respondent asserted the statute-of-limitation argument in his Amended Response two years after filing his initial Response to Petitioner's Second Amended Petition.

time and trouble; (6) the consequences being imposed on Petitioner are extreme; (7) the evidence presented at the evidentiary hearing shows Petitioner does not deserve the death penalty and his death sentence was obtained in violation of his constitutional rights; and (8) Petitioner is prejudiced by the Respondent's belated invocation of the limitations issue.

As stated above with regards to Petitioner's amendment argument, Petitioner previously argued in favor of the Court equitably tolling his statute of limitations.[6]  The Court addressed Petitioner's arguments in favor of equitable tolling in its Memorandum Opinion.[7]  Petitioner may not on his Motion to Vacate attempt to bolster his arguments, and have the Court reconsider its decision, when he has not presented any newly discovered evidence or newly developed law. Petitioner had two separate rounds of briefing as well as an evidentiary hearing in order to argue in favor of equitable tolling and present evidence supporting his arguments.  Petitioner may not use a Rule 59(e) Motion to raise arguments he should have raised prior to the entry of judgment or to rehash arguments he did raise but lost.  *See Bannister,* 4 F.3d at 1440; s*ee also Schoffstall,* 223 F.3d at 827.

Accordingly, Petitioner has failed to show the Court made any manifest errors of law or fact in its equitable tolling analysis.

---

[6] Petitioner first argued in favor of equitable tolling in Petitioner's Reply to Respondent's Briefing Regarding the Statute of Limitations and Procedural Default.  (ECF No. 105, January 25, 2010).  Petitioner again argued in favor of equitable tolling at the evidentiary hearing held on April 17-18, 2013.  (ECF No. 161).  Finally, Petitioner argued in favor of equitable tolling in his post-hearing briefing.  (ECF No. 166, p. 1, February 26, 2014).

[7] The Court addressed Petitioner's previous arguments in favor of equitable tolling in its Opinion.  (ECF No. 172, pp. 20-35).

3.      Diligence inquiry

Next, Petitioner argues the Court erred in failing to limit its inquiry into Petitioner's diligence to the period for which he was seeking equitable tolling.  In support of this argument, petitioner cites to *Harper v. Ercole*, 648 F.3d 132 (2nd Cir. 2011).  In *Harper*, the Second Circuit held the relevant period for assessing reasonable diligence for the purposes of equitable tolling is the period that the petitioner seeks to have tolled, and a district court errs by denying tolling based on a petitioner's supposed lack of diligence after the time he seeks to have tolled.  *Harper*, 648 F.3d at 139.  Petitioner argues the Court should rely on this Second Circuit analysis instead of the Eighth Circuit precedent set in *Earl v. Fabian,* 556 F.3d 717 (8th Cir. 2009) which the Court relied upon in its Opinion.

This argument is unconvincing.  The Court will not disregard applicable and binding Eighth Circuit precedent in favor of contradictory case law from the Second Circuit.  The Eighth Circuit specifically stated in *Earl* that even when a petitioner suffers an extraordinary circumstance beyond his control (such as a state created delay), he is not entitled to equitable tolling when he does not pursue his rights diligently after receiving notice of the extraordinary circumstance.  *Earl,* 556 F.3d at 724.  *See also Nelson*, 618 F.3d 886 (8th Cir. 2010) (petitioner failed to pursue his rights diligently because he waited nine months after the Arkansas Supreme Court denied his petition for rehearing to file a habeas corpus petition).  The Court will not alter its judgment to be contradictory to Eighth Circuit precedent.

Petitioner also argues *Earl* and *Nelson* are distinguishable from the facts in this case. Petitioner failed to convincingly distinguish *Earl* or *Nelson* from the facts before the Court in its prior briefing and he is not allowed a second chance to do so on this Rule 59 Motion.  *See*

*Bannister,* 4 F.3d at 1440 (Petitioner cannot use Rule 59 to raise arguments he should have raised prior to entry of judgment). Moreover, Petitioner has not offered any distinguishing facts in his Motion that indicate the Court's reliance on these two cases was a manifest error of law.

Accordingly, Petitioner has failed to show the Court made any manifest errors of law or fact in its reliance on *Earl* and *Nelson*.

4.    Ineffective counsel

Next, Petitioner argues the Court erred by failing to grant equitable tolling based on Petitioner's argument that state-appointed counsel lulled him into inaction and performed ineffectively. Further, Petitioner argues that *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013) should be relied on by the Court in holding the ineffective assistance of counsel Petitioner received is cause to trigger equitable tolling of his statute of limitations.

The Court addressed Petitioner's previous arguments that his post-conviction counsel were ineffective, thus, constituting an exceptional circumstance warranting equitable tolling in its Opinion. (ECF No. 172, pp. 30-34). As previously stated, Petitioner cannot have the Court reconsider arguments he previously asserted and lost on a Rule 59(e) motion. *See Schoffstall,* 223 F.3d at 827. Petitioner has failed to show the Court made any manifest errors of law or fact on this issue. Further, as the Court stated in its Opinion, *Martinez* and *Trevino* do not address equitable tolling issues such as those presented in this case, and Petitioner has not offered any controlling precedent to support his contention that the Court should extend *Martinez* and *Trevino* to the equitable tolling issues in this case.

Lastly, Petitioner argues the Court required him, an incarcerated prisoner with appointed

counsel, to "police the actions of his attorneys" in order to show diligence. Thus, requiring maximum diligence instead of reasonable diligence in contradiction with *Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."). This is a mischaracterization of the Court's opinion. In its Opinion the Court reasoned:

> Furthermore, as previously discussed, Petitioner has failed to cite any evidence that he acted diligently in pursuing his federal habeas relief. *See Muhammad*, 735 F.3d at 816. While the diligence required by *Holland* is reasonable diligence, not maximum feasible diligence, Petitioner failed to cite the Court any instances of how he diligently pursued his rights during his state post-conviction proceedings or the instant habeas petition. In *Holland* and *Martin* the petitioner was found to have diligently pursued his rights despite his attorney's egregious conduct. For example, Holland wrote his attorney many letters expressing his concerns regarding his AEDPA limitations period, *Holland,* 560 U.S. at 652; and Martin called and wrote his attorney inquiring about a deadline for filing his federal habeas petition and also had his wife call and meet with his attorney in an effort to proceed with his federal habeas petition, *Martin*, 408 F.3d at 1095. In contrast, Petitioner failed to cite to any instance where he contacted Mr. Schay to inquire about his state post-conviction proceedings or the instant habeas proceedings. Most importantly, Petitioner did not cite to any evidence showing he took any actions during the approximate eight months remaining in his limitations period after the ARSC affirmed his post-conviction denial on December 19, 2000.

Opinion (ECF No. 172, p. 33).

The Court did not require Petitioner to show "maximum feasible diligence." It simply noted Petitioner failed to present any evidence whatsoever regarding his diligence during the relevant time period.

Accordingly, Petitioner has failed to show the Court made any manifest errors of law or fact in its diligence findings.[8]

---

[8]The Court also notes that even though Petitioner again asserts he was reasonably diligent he failed to present any facts in support of this argument.

## CONCLUSION

For the reasons stated herein, the Court finds Petitioner failed to show any manifest errors of law or fact in the Court's Opinion and Judgment.  Accordingly, his Motion to Vacate Judgment (ECF No. 174) is hereby **DENIED.**

**IT IS THEREFORE ORDERED** this 8th day of January 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

12