IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROGER LEWIS COULTER                                                                    PETITIONER

V.                                       CIVIL NO. 1:01-cv-01125

WENDY KELLEY, Director
Arkansas Department of Corrections                                                     RESPONDENT

## ORDER

Currently before the Court is Petitioner's Motion for Relief from Judgment. (ECF No. 176). Respondent filed a Response. (ECF No. 179). After thorough consideration, the Court issues this Order.

## BACKGROUND

On March 31, 2015, the Court entered its Opinion and Judgment in this matter dismissing Petitioner's Second Amended Petition. (ECF Nos. 172, 173). Petitioner subsequently filed a Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 59. (ECF No. 174). The Court denied this motion on January 8, 2016. (ECF No. 180). Petitioner now moves the Court, pursuant to Federal Rule of Civil Procedure 60(b), to provide relief from its March 31, 2015 judgment. This Rule 60(b) Motion is based on Petitioner's argument that the recent decision from the State of Nebraska to abolish the death penalty created an Eighth Amendment "tipping point" thus creating a previously-unavailable claim for relief—that his death sentence is unconstitutional.

## DISCUSSION

The first issue the Court must address is whether it has jurisdiction over Plaintiff's Rule 60(b) Motion. Rule 60(b) applies to habeas proceedings as long as its application is consistent with the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Ward . v. Norris,* 577 F.3d

925, 932 (8th Cir. 2009). Pursuant to the AEDPA, a petitioner may not file a second or successive habeas corpus petition containing any claim that has already been adjudicated or any claim that has not already been adjudicated unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b)(1)-(2). Further, before a district court may accept a second or successive habeas corpus petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet the new-rule or actual-innocence provisions previously listed. 28 U.S.C. § 2244(b)(3).

Additionally, a Rule 60(b) motion should be considered a second or successive habeas corpus application if it contains a claim. *Ward,* 577 F.3d at 933. In this context, a claim is defined as "an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.'" *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641 (2005)). "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).'" *Id.* (quoting *Gonzalez,* 545 U.S. at 532, n. 4.).[1]

Here, Petitioner's basis for his Rule 60(b) Motion is the argument that "Nebraska's recent abolition of the death penalty represents an Eighth Amendment 'tipping point' and has created a previously-unavailable claim for relief from [Petitioner's] death sentence." (Petitioner's Rule 60(b) Motion, ECF No. 176, p. 1.) Clearly, Petitioner is asserting a new claim in his Rule 60(b) Motion.

---

[1] A Rule 60 or Rule 59 motion challenging a district court's dismissal based on the AEDPA statute of limitations or other procedural bar (such as Petitioner's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 59) is not considered a second or successive petition because it does not attack the district court's ruling on the merits, but instead asserts that the ruling that precluded the merits determination was made in error. *See Ward,* 577 F.3d at 933 (*quoting Gonzales,* 545 U.S. at 532, n. 4.).

Therefore, the AEDPA requires the Court to treat Petitioner's Rule 60(b) Motion as a successive habeas petition. *See Ward,* 577 F.3d at 933.

Accordingly, the Court must treat Petitioner's Rule 60(b) Motion (ECF No. 176) as a successive habeas corpus petition and deny it for lack of jurisdiction because Petitioner has not received permission from the Court of Appeals to file such successive petition. *See* 28 U.S.C. § 2244(b)(3).

Moreover, even if the Court had jurisdiction to consider Petitioner's Rule 60(b) Motion it would fail on the merits. The United States Supreme Court recently reiterated the constitutionality of the death penalty in *Glossip v. Gross,* __ U.S. __, 135 S.Ct. 2726, 2732-3 (2015) ("[I]t is settled that capital punishment is constitutional," thus "[i]t necessarily follows that there must be a [constitutional] means of carrying it out.") (*quoting Baze v. Rees,* 553 U.S. 35, 47, 128 S.Ct. 1520 (2008)). Petitioner has not presented any new and retroactive United States Supreme Court law to contradict the *Glossip* opinion and support his "tipping point" argument. Accordingly, Petitioner's "tipping point" argument fails as a matter of law.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion for Relief from Judgment (ECF No. 176) is hereby **DENIED**.

**IT IS THEREFORE ORDERED** this 8th day of January 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge